LAW OFFICES OF DEBORAH L. RAYMOND
Deborah L. Raymond, SBN 173528
445 Marine View Avenue, Suite 300
Del Mar, CA 92014
Tel#: (858) 481-9559

Attorney For Plaintiff, HARU M. LINDSEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARU M. LINDSEY, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>DYNAMIC RECOVERY SOLUTIONS, LLC, a South Carolina Limited Liability Company; ERIC GOLDEN, an individual; and DOES 1-10, inclusive,<br><br>    Defendant(s). | Case No. **'14CV1084 GPC JMA**<br><br>**COMPLAINT** FOR DAMAGES BASED UPON VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT; THE CALIFORNIA ROSENTHAL ACT; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; AND **DEMAND FOR JURY TRIAL**<br><br>[15 U.S.C. §§1692 et seq.; Cal. Civ. Code §§1788 et seq.] |

    HARU M. LINDSEY ("Plaintiff" or "Lindsey") complains as follows against defendants DYNAMIC RECOVERY SOLUTIONS, LLC ("DRS"), and ERIC GOLDEN ("Golden") (collectively referred to as "Defendants") :

## INTRODUCTION

1. This Complaint is filed under the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et seq. (hereinafter called "FDCPA") and the California Rosenthal Act, Cal. Civ. Code §§1788 et seq. (hereinafter called "Rosenthal") pursuant to defendants use of abusive, deceptive, and unfair debt collection practices. **Plaintiff demands a jury trial.**

## JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. Section 1692k(d), 28 U.S.C. Sections 1331, 1337 and under the doctrine of pendant jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

3. Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) and § 1441(a) because Plaintiff resides and the events giving rise to Plaintiff's causes of action occurred within the State of California and the County of San Diego, within this judicial district.

## PARTIES

4. Plaintiff is a natural person, and at all times mentioned in this complaint was a consumer, and a resident of the County of San Diego, in the Southern District of California.

5. Plaintiff is informed and believes, and thereon alleges that defendant DRS is a South Carolina Limited Liability Company conducting business in the county

Lindsey v. Dynamic Recovery Solutions, LLC et al.
Case No.

2

COMPLAINT

of San Diego, State of California.  Plaintiff is further informed and believes, and thereon alleges that DRS is and, at all times mentioned in this Complaint, was engaged in the business of collecting consumer debts and regularly collects consumer debts on behalf of third parties and/or itself.  DRS is accordingly a "debt collector" as defined in the FDCPA, 15 U.S.C. §1692A(6) and as defined in the Rosenthal Act, Cal. Civil Code §1788.2.

6. Plaintiff is informed and believes, and thereon alleges that defendant GOLDEN is an individual conducting business in the county of San Diego, State of California.  Plaintiff is further informed and believes, and thereon alleges that GOLDEN is engaged in the business of collecting consumer debts and regularly collects consumer debts on behalf of third parties.  GOLDEN is accordingly a "debt collector" as defined in the FDCPA, 15 U.S.C. §1692A(6) and as defined in the Rosenthal Act, Cal. Civil Code §1788.2.  Plaintiff is informed and believes, and thereon alleges that GOLDEN is and was at all times mentioned in the Complaint, an employee of DRS.

7. Plaintiff is unaware of the true names and capacities of defendants sued herein as Does 1 through 10, inclusive.  Plaintiff is informed and believes and thereon alleges that each fictitiously named defendant was in some way responsible for the matters and things complained of herein, and in some fashion, has legal responsibility therefore.  When the true names and capacities of each said fictitiously named

Lindsey v. Dynamic Recovery Solutions, LLC et al.
Case No.

3

COMPLAINT

defendant has been ascertained, Plaintiff will seek leave to amend this complaint and all proceedings herein to set forth the same.

8. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the defendants were the officers, directors, agents, assignees, assignors or employees of each of their co-defendants and that in doing the things alleged in this complaint were acting within the course and scope of such capacity, with the full knowledge and consent of their co-defendants, and each of them.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

9. During 2012 and 2013, Plaintiff received numerous collection telephone calls from DRS. On numerous occasions, Plaintiff orally told DRS to stop calling her. Plaintiff is informed and believes and thereon alleges that prior to and up to December 21, 2012, the calls from DRS related to a Circuit City/Chase account. Plaintiff is informed and believes and thereon alleges that all calls after December 21, 2012 from DRS related to an American General account.

10. On May 2, 2013, Plaintiff was contacted by a representative of DRS and the DRS representative demanded payment for the first time on an American General account that was closed in 1996. After receiving this initial communication on May 2, 2013, Plaintiff sent a written request by email to DRS and demanded that DRS not contact Plaintiff again regarding this debt and to remove Plaintiff's name from DRS's files. On the same day, May 2, 2013, Plaintiff received a response from

DRS, which stated that the account was placed under a cease and desist status.

11. Despite acknowledging Plaintiff's request to not be contacted, on July 9, 2013, DRS representative GOLDEN telephoned Plaintiff and again demanded payment on the American General account. When Plaintiff stated that DRS was not supposed to contact her, GOLDEN, knowing that Plaintiff previously requested in writing not to be contacted, intentionally stated that DRS would continue to call her until the debt was paid.

12. Plaintiff was called by DRS at least one more time after the July 9, 2013 call from GOLDEN.

13. Defendants DRS and GOLDEN never provided Plaintiff with notice of her rights under 15 U.S.C. §1692g as to the American General account.

14. Defendants collection practices and actions have caused Plaintiff severe emotional distress, including but not limited to increase in appetite, stomach aches, loss in concentration, frustration, upset, fear, anger, helplessness, nervousness, sleeplessness, worry, sadness, and depression.

**FIRST CAUSE OF ACTION FOR
VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**(As to All Defendants)**
**(15 U.S.C. §§1692 et seq.)**

15. Plaintiff re-alleges and incorporates the allegations in Paragraphs 1 through 14 above with the same force and effect as if herein set forth.

16. Defendants violated the **Fair Debt Collection Practices Act**,

including but not limited to the following sections:

16.1. Section 1692c(a)(1): Defendants knew or should have known that telephoning Plaintiff was inconvenient under the circumstances;

16.2. Section 1692c(a)(3): Defendants communicated with Plaintiff at her place of employment after Plaintiff told Defendants not to call her at her place of employment because it caused disruption to her business;

16.3. Section 1692c(c): Defendants continued to communicate with Plaintiff, in an attempt to collect a debt, after Plaintiff notified Defendants in writing that Plaintiff refused to pay the debt and Plaintiff requested that Defendants cease further communications with her;

16.4. Section 1692d: Defendants engaged in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of an alleged debt, including telling Plaintiff that Defendants would continue to contact Plaintiff, despite her written request not to be contacted, until the debt was paid;

16.5. Section 1692d(5): Defendants caused Plaintiff's telephone to ring and/or engaged Plaintiff in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass the person at the called number;

16.6. Section 1692e(5): Defendants threatened to take actions that cannot legally be taken or that is not intended to be taken;

16.7. Section 1692e(10): Defendants used false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning Plaintiff;

16.8. Section 1692f: Defendants used unfair or unconscionable means to collect or attempt to collect a debt;

16.9. Section 1692g: Defendants failed to provide a validation or dispute notice; and

16.10. Section 1692g: Defendants failed to validate the debt and continued their collection efforts.

17. As a direct and proximate result of defendants' violations, Plaintiff suffered actual damages, including, but not limited to emotional distress, in an amount to be established by proof at trial (for the purpose of a default judgment, Plaintiff's damages for emotional distress are not less than $10,000.00), and is entitled to actual damages, an award of statutory damages of $1,000.00, costs, and attorney's fees pursuant to 15 U.S.C. §1692k.

**SECOND CAUSE OF ACTION FOR
VIOLATIONS OF THE ROSENTHAL FAIR
DEBT COLLECTION PRACTICES ACT
(As to All Defendants)
(Cal. Civ. Code §§1788 et seq.)**

18. Plaintiff re-alleges and incorporates the allegations in Paragraphs 1 through 17 above with the same force and effect as if herein set forth.

19. Defendants violated the **Rosenthal Act**, including but not limited to the following sections:

19.1. Section 1788.10(f): Defendants threatened to take actions that cannot legally be taken or that is not intended to be taken;

19.3. Section 1788.11(e); Defendants communicated by telephone with Plaintiff with such frequency as to be unreasonable and to constitute an harassment under the circumstances;

19.4. Section 1788.17: Defendants violated provisions of Title 15 of the United States Code sections 1692 et seq.

20. As a direct and proximate result of Defendants' violations, Plaintiff suffered actual damages, including, but not limited to emotional distress, in an amount to be established by proof at trial (for the purpose of a default judgment, Plaintiff's damages for emotional distress are not less than $10,000.00), and Plaintiff is entitled to an award of actual damages, costs, and attorney's fees pursuant to Cal. Civ. Code §1788.30.  In addition, Defendants willfully and knowingly violated the Rosenthal Act which entitles Plaintiff to penalty of not less than $100 and not more than $1,000.00 pursuant to Cal. Civ. Code §1788.30(b).

### THIRD CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(As to All Defendants)

21. Plaintiff re-alleges and incorporates the allegations in Paragraphs 1

through 20 above with the same force and effect as if herein set forth.

22. Defendants' conduct was outrageous, intentional, and malicious, and done with reckless disregard of the fact that it would certainly cause Plaintiff to suffer severe emotional distress.

23. As a proximate result of the acts of Defendants, Plaintiff suffered severe emotional distress in the form of increased appetite, stomach aches, loss in concentration, frustration, upset, fear, anger, helplessness, nervousness, sleeplessness, worry, sadness, and depression, all to Plaintiff's damage in an amount which will be proven at trial.

24. Plaintiff is informed and believes, and thereon alleges that the acts of Defendants were malicious in that they were intended to cause injury to Plaintiff. Plaintiff is further informed and believes, and thereon alleges that such conduct was despicable in that it was carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff and for no purpose other than to oppress Plaintiff and to subject her to cruel and unjust hardship in conscious disregard of Plaintiff's rights, all of which entitles Plaintiff to punitive damages in an amount to be established at trial.

////

**WHEREFORE,** Plaintiff Prays for a judgment against Defendants as follows:

<u>AS TO THE FIRST CAUSE OF ACTION ONLY</u>

1) Statutory Damages of $1,000.00 per violation of the Fair Debt Collection Practices Act;

2) Attorney's fees pursuant to statute;

<u>AS TO THE SECOND CAUSE OF ACTION ONLY</u>

3) Statutory Damages of $1,000.00 per violation of the Rosenthal Act;

4) Attorney's fees pursuant to statute;

<u>AS TO THE THIRD CAUSE OF ACTION ONLY</u>

5) Punitive Damages;

<u>AS TO ALL CAUSES OF ACTION</u>

6) Actual Damages according to proof at trial (for the purpose of a default judgment, not less than $10,000.00);

7) Cost of Suit; and

8) Such Other Relief As The Court May Order.

Date: 04/30/14

Respectfully submitted,
Law Offices of Deborah L. Raymond
By: /s/ Deborah L. Raymond
Deborah L. Raymond, Esq.
Attorney For Plaintiff

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Date: 04/30/14

Respectfully submitted,<br>
Law Offices of Deborah L. Raymond<br><br>
By: /s/ Deborah L. Raymond<br>
Deborah L. Raymond, Esq.<br>
Attorney For Plaintiff

Lindsey v. Dynamic Recovery Solutions, LLC et al.
Case No.

11

COMPLAINT